FORD MOTOR CREDIT COMPANY,
Plaintiff–counter–defendant–3rd–
party–defendant—Appellee,

v.

Michael DAUGHERTY, Defendant–
counter–claimant—Appellant,

v.

Daugherty Lincoln Mercury, Inc.,
Third–party–plaintiff—
Appellant,

v.

Lincoln Mercury Division, Third–
party–defendant—Appellee.

No. 06–16043.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed March 12, 2008.

David E. Pinch, Esq., Severson & Werson, San Francisco, CA, for Plaintiff–counter–defendant–3rd–party–defendant–Appellee.

Michael M. Sieving, Esq., Sacramento, CA, for Third–party–plaintiff–Appellant.

Cranston J. Williams, Esq., Baker & Hostetler, LLP, Los Angeles, CA, for Third–party–defendant–Appellee.

Michael M. Sieving, Esq., Sacramento, CA, for Defendant–counter–claimant–Appellant.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM *

The district court properly dismissed Daugherty's and Daugherty Lincoln Mercury, Inc.'s (DLMI) claims against Ford Credit and Lincoln Mercury because they were barred by the collateral estoppel doctrine.[1] The claims Daugherty and DLMI pursued in their Third Amended Answer were based on the same facts presented in Daugherty's administrative protest of Ford's notice to terminate its franchise with Daugherty.

Four of Daugherty's and DLMI's counterclaims in their Fourth Amended An-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See People v. Garcia,* 39 Cal.4th 1070, 48 Cal.Rptr.3d 75, 141 P.3d 197, 201 (2006).

swer, counterclaims two, three, six, and seven, were based on different facts than those presented in the administrative hearing. Therefore, the district court properly sustained those claims and properly dismissed the remaining counterclaims because they were based on the same facts as those presented in the administrative hearing.

As to the surviving claims in Daugherty's and DLMI's Fourth Amended Answer, we affirm the district court's summary judgment order granted in favor of Ford Credit and Lincoln Mercury. Under Federal Rule of Civil Procedure 56(e), when a motion for summary judgment is made, the adverse party's response, by affidavits or as otherwise provided by the rule, must set forth specific facts showing that there is genuine issue for trial. Under *Celotex Corp. v. Catrett*,[2] where the nonmoving party will bear the burden of proof at trial, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[3] We held in *Forsberg v. Pacific Northwest Bell Telephone Co.* that a district court is "not required to comb the record to find some reason to deny a motion for summary judgment."[4] We explained and expanded upon *Forsberg* in *Carmen v. San Francisco Unified School District.*[5] In *Carmen,* we held that "Rule 56 may be adequately satisfied by a lawyer designating where (outside the opposition papers) the critical evidence can be found and what it says, though ordinarily the better practice would be to photocopy and attach the evidence to the opposition papers."[6] We further held

that "[w]hether the evidence is attached or not, Rule 56(e) requires that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue."[7]

We have carefully examined Daugherty's opposition to the motion for summary judgment by Ford Motor Credit Company and Daugherty's opposition to motion for summary judgment by Ford Motor Company, Lincoln Mercury Division. In arguing that there is a genuine issue of material fact, Daugherty cites to the pleadings but not to any cognizable evidence. The district judge concluded that "DLMI and Daugherty have not tendered any evidence of specific facts that support their contention that factual disputes exist," citing Federal Rule of Civil Procedure 56(e). At oral argument, Daugherty suggested that a genuine issue might be found in Ford's own submissions in support of its motion for summary judgment. That was not argued, though, in its opposition to summary judgment in district court, nor was it argued in its brief on appeal.

Thus, based on what was put before it and what was briefed to us, the district court did not err. In order to survive the opposing parties' motions for summary judgment, it was incumbent upon Daugherty to demonstrate by evidence cognizable under Federal Rule of Civil Procedure 56 that there were genuine issues of material fact to be tried.

AFFIRMED.

2. 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3. *Id.* at 324, 106 S.Ct. 2548.

4. 840 F.2d 1409, 1418 (9th Cir.1988).

5. 237 F.3d 1026 (9th Cir.2001).

6. *Id.* at 1030.

7. *Id.* at 1031.